

LJW: USAO#2018R00464

FILED
U.S. DISTRICT COURT
DISTRICT OF MARYLAND

2020 MAR -2 AM 11: 28

CLERK'S OFFICE
AT BALTIMORE

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| UNITED STATES OF AMERICA | * | CRIMINAL NO. ELH-20-081 |
|---|---|---|
| v. | * | (Wire Fraud, 18 U.S.C. § 1343; |
| GREGORY RAY BLOSSER, | * | Forfeiture, 18 U.S.C. § 981(a)(1)(C)) |
| Defendant | * | |

*******

## INFORMATION

### COUNT 1
(Wire Fraud)

The United States Attorney for the District of Maryland charges:

1. At all times relevant to this Indictment, Defendant **GREGORY RAY BLOSSER** owned and operated The Surrogacy Group, LLC, (TSG) a Maryland company that was incorporated on January 5, 2012 in Annapolis, Maryland. **BLOSSER** and TSG offered and sold surrogacy-related services to consumers throughout the United States and internationally.

2. As part of TSG's business, **BLOSSER** solicited and accepted funds from individuals who desired to have children using a surrogate. **BLOSSER** represented to TSG clients that these funds would be held in escrow and that **BLOSSER** would act as their agent disbursing the funds to the surrogate pursuant to contracts between the TSG client and TSG and the TSG client and the surrogate.

### The Scheme to Defraud

3. From on or about 2017 and continuing until on or about May 2019, the defendant, **GREGORY RAY BLOSSER**, devised and intended to devise a scheme and artifice to defraud TSG clients and to obtain money and property by means of false and fraudulent pretenses, representations and promises.

### Object of the Scheme

4. The object of the scheme was for defendant **BLOSSER** to divert funds from TSG clients for his own use.

### Manner and Means

5. **BLOSSER** converted a significant portion of the funds he promised TSG clients he would hold in escrow to his own use without the authorization of the TSG client and failed to pay the surrogate as he had agreed to do. **BLOSSER** did not, as promised, create separate escrow accounts for these funds or forward the funds to third-party escrow agents. As a result, those funds intermingled with TSG's operating accounts and were used to pay business expenses, service business loans, and for other purposes not permitted under the escrow agreements. As a result, TSG clients were forced to pay the surrogate's expenses themselves, effectively paying twice, for the services **BLOSSER** had promised to deliver.

## The Charge

6. On or about May 30, 2017, in the District of Maryland and elsewhere, the defendant,

**GREGORY RAY BLOSSER**

for the purpose of executing the scheme and artifice to defraud, caused to be transmitted by means of wire communication in interstate and foreign commerce signals and sounds, to wit: **BLOSSER** sent an email from Maryland to a TSG client in Australia in which he stated that the client's surrogate's base fee was $35,000 and the fee needed to be deposited into an escrow account. The email also contained funding instructions for the escrow account.

18 U.S.C. § 1343

## FORFEITURE ALLEGATION

The United States Attorney for the District of Maryland further finds that:

1. Pursuant to Fed. R. Crim. P. 32.2, notice is hereby given to the defendant that the United States will seek forfeiture as part of any sentence in accordance with 18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461(c), in the event of the defendant's conviction on Count One of this Information.

### Wire Fraud Forfeiture

2. Upon conviction of the offense set forth in Count One of this Information, the defendant,

**GREGORY RAY BLOSSER,**

shall forfeit to the United States, pursuant to 18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461(c), any property, real or personal, which constitutes or is derived from proceeds traceable to the offense, including, but not limited to: at least **$1,104,706.00** in U.S. Currency, in the form of a money judgment.

### Substitute Assets

3. If, as a result of any act or omission of any defendant, any of the property described above as being subject to forfeiture:

    a. cannot be located upon the exercise of due diligence;

    b. has been transferred or sold to, or deposited with, a third person;

    c. has been placed beyond the jurisdiction of the Court;

    d. has been substantially diminished in value; or

   e.  has been commingled with other property which cannot be subdivided without difficulty,

the United States, pursuant to 21 U.S.C. § 853(p), as incorporated by 28 U.S.C. § 2461(c), shall be entitled to forfeiture of substitute property up to the value of the forfeitable property described above.

18 U.S.C. § 981(a)(1)(C)
21 U.S.C. § 853(p)
28 U.S.C. § 2461(c)

Date: February 28, 2020

Robert K. Hur
United States Attorney